## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 24-cv-80545-BLOOM

CORNELL LOUIS EMANUEL,

      Plaintiff,

v.

WHIILFIELD PETRICK and
ZULEGER CANDY,

      Defendants.

_____/

### ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court on Plaintiff Cornell Louis Emanuel's *pro se* civil rights Complaint under 42 U.S.C. § 1983, ECF No. [1], and Motion for Leave to Proceed *in forma pauperis*, ECF No. [3]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under that statute, the Court shall dismiss a suit "at any time if [it] determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Upon application of the screening provisions, the Court finds the Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

## I.  BACKGROUND

Plaintiff is a state prisoner incarcerated at South Bay Correctional Facility in South Bay, Florida. Plaintiff's Complaint is difficult to comprehend. Plaintiff submitted his Complaint on the form for complaints under section 1983, but his handwriting is mostly illegible, and the portions of the Complaint that are legible do not contain plausible factual allegations. Under the "Statement

of Claim" section of the complaint form—which asks the litigant to "[b]riefly describe the facts of your case"—Plaintiff appears to write a series of random words, including a series of Latin legal terms. He states: "redacted disclosures notice of sue class action civil nun[c] pro tunc res sua sponte et al. . . ." ECF No [1] at 2. The "Relief Requested" section of the Complaint similarly fails to present a claim. *Id*. Attached to the Complaint are miscellenaous state court documents, including a Petition for Writ of Habeas Corpus Ad Testificandum, an "Identification Affidavit," Plaintiff's sentencing data from the Florida Department of Corrections, and a Motion for Appointment of Counsel.[1] *See* ECF No. [1-1].

## II. LEGAL STANDARD

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; citation and quotation marks omitted).

---

[1] The attached Petition and Motion for Appointment of Counsel fail to present a claim, or otherwise clarify Plaintiff's Complaint. Moreover, the Petition for Writ of Habeas Corpus is addressed to the Circuit Court of the Sixth Judicial Circuit in and for Hillsborough County, Florida, and the Motion for Appointment of Counsel is addressed to the Circuit Court of the Sixth Judicial Circuit in and for Pasco and Pinellas Counties, Florida. *See* ECF No. [1-1] at 1, 5.

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III. DISCUSSION

The Court finds the Complaint is frivolous and must be dismissed under section 1915(e)(2)(B)(i). A pleading is frivolous "if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Stated differently, a case is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," *i.e.*, "the factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted).

Though brought under section 1983, Plaintiff's Complaint contains no discernible allegations of a deprivation of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) ("In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law."). Instead, the Complaint contains incoherent allegations that fail to present a claim, let alone a plausible Section 1983 claim. It therefore must be dismissed as frivolous. *See*, *e.g.*, *Cadejuste v. Aramark Food Distrib.*, No. 23-cv-14115-RAR, 2023 WL 3159308, at *1 (S.D. Fla. Apr. 28, 2023) (dismissing complaint as frivolous that was "a rambling and incoherent mess"); *Mallon v. Belanger*, No. 22-cv-14399-RNS, 2022 WL 17480198, at *1 (S.D. Fla. Dec. 6, 2022) (dismissing "rambling and largely incomprehensible Complaint" as

24-cv-80545-BLOOM

frivolous); *Truesdale v. Florida*., No. 18-cv-22286-JEM, 2018 WL 11302939, at *5 (S.D. Fla. June 21, 2018), *adopted*, 2018 WL 11302938 (dismissing complaint for failure to state a claim and as frivolous because "[t]he complaint, as drafted[,] is [] convoluted, nonsensical [and] rambling, interspersed with sparse legal gibberish").

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED without prejudice** as frivolous.

2. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, **ECF No. [3]**, is **DENIED as moot**.

3. The Clerk of Court is directed to **CLOSE** this case. If Plaintiff files a new Complaint, he must do so by opening a new case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED as moot**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 17, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Cornell Louis Emanuel
621168
South Bay Correctional Facility
Inmate Mail/Parcels
600 U S Highway 27 South
South Bay, FL 33493-2233
PRO SE